F. C. INGRAHAM, S. VISHER, and O. P. READ, Respondents, v. GILDERMESTER and DE FREMERY, Appellants.

Where under the 271st section of the Act to regulate proceedings in civil cases, the evidence is taken down by the clerk in the Court below on motion of a party, a transcript of it, certified by him, is a substitute for a bill of exceptions or statement of facts in the absence of such bill or statement. Decisions contravening the plain letter of the statute are not binding as authority.

APPEAL from the Fifth Judicial District, San Joaquin County.

Petition for rehearing. See page 88, of January Term. C. J. MURRAY delivered the opinion of the Court. At the last term, the Court refused to hear any argument upon the statement of facts filed in this case, because the same was not embodied in a bill of exceptions, and signed by the Judge of the Court below. This opinion, at the time, was founded on the supposition that such had heretofore been the rule of this Court. Upon examination, we have been unable to find any such decision. By the 271st section of the Act to regulate proceedings in civil cases, it is provided, that "on the trial in the Court below, any party may require the clerk to take down the testimony in writing. When so taken down, it shall serve as a statement of facts, unless the parties afterwards agree to one." It is said that this is only a statement of facts for the government of the Court in making up the bill of exceptions, and that it would be dangerous and unprecedented to allow the clerk to certify the facts and evidence, without their first being submitted to, and approved by the Court. Upon an examination of the law, it appears conclusively that the legislature intended to impose this responsibility upon the clerk, and substitute a transcript of the evidence under his seal for a bill of exceptions, where no bill or case has been agreed upon by the parties, or signed by the Court. Whether this is an improvident grant of power or not, is a matter with which this Court has no concern. Even if this Court had given the construction mentioned to the Act referred to, we would not be bound, on the doctrine of *stare decisis*, to follow it, contravening as it does the plain letter of the statute, and the universal prac-

11

tice of the bar.    Adherence to this rule would defeat the rights of parties in almost every case appealed, and be most onerous and unjust in its operation.

Rehearing granted.

Ordered that the third week of the term be set apart for the hearing of causes appealed from the country.