## CASTRO'S EXECUTORS v. ARMESTI.

WHERE there is no bill of exceptions and no statement, the rulings of the Court upon questions of law during the trial, cannot be sought from the testimony as taken down by the Clerk—neither under the Act of 1850, nor 1851.

And a certificate of the Judge who tried the cause, made eight years after the trial, that he believed the exceptions taken were correctly noted in the Clerk's minutes of the testimony, cannot supply the place of a bill of exceptions.

An allegation in the complaint that plaintiffs are the sons of Joaquin Castro, and have been in possession of the rancho since his decease, is, in the absence of a special demurrer, a sufficient allegation of heirship.

*Ingraham* v. *Gildermester*, 2 Cal. 161; *Gunter* v. *Geary*, 1 Id. 469; *Pierce* v. *Minturn*, 2 Id. 471—affirmed.

APPEAL from the Third District.

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an appeal from a judgment rendered by the District Court for Santa Cruz County, in April, 1851. The Appellant relies for a reversal of the judgment on errors of law alleged to have occurred on the trial. There is in the record no bill of exceptions setting out the rulings complained of, nor is there any statement settled or agreed to; the Appellant relying upon the testimony as taken by the Clerk on the trial below, which he insists is entitled under the Act of 1850—which was in force when the trial was had—to the same weight as a settled or agreed statement.

In *Ingraham* v. *Gildermester*, (2 Cal. 161,) it was held, that under 271st Section of the Act of 1851, the evidence as taken by the Clerk, stood in the place of a bill of exceptions, when there was a statement agreed on or settled, and was sufficient to enable the Court to look into the evidence; but it has nowhere been decided that the memoranda of the Clerk, in such minutes, was sufficient evidence of the rulings of the Court upon questions of law occurring during the trial, and of the exceptions taken to

such rulings. On the contrary, it has been expressly held, that under the Act of 1850, "no question can be raised respecting the rulings of the Court below during the progress of a trial, unless there be a proper statement or bill of exceptions." In *Gunter* v. *Geary*, (1 Cal. 469,) the Court said: "In this case there was no statement of facts; all we have before us is the testimony taken down by the Clerk, but the Clerk is not authorized to say what decisions the Court did or did not make; and his statement in respect to such decisions is entirely uncalled for by the statute, and cannot be regarded." This ruling was reaffirmed in *Pierce* v. *Minturn*, (2 Cal. 471,) and has not since been disturbed.

Under these decisions, of the correctness of which we have no doubt, we cannot review the rulings complained of in this cause, as they are not properly shown by the record to have been made, or if made, excepted to. The certificate of the Judge who tried the cause, made eight years after the trial, to the effect that he believed the exceptions taken were correctly noted in the Clerk's minutes, cannot supply the place of a bill of exceptions.

The only ruling to which an exception is properly saved by the record, is to the refusal of the Court to dismiss the complaint on motion made after answer, because the plaintiffs had not alleged they were the executors or heirs of Joaquin Castro.

There was no error in this ruling. The complaint averred, that they were the sons of Joaquin Castro, and had been in possession of the rancho since his decease. We think, in the absence of a special demurrer, this was a sufficient allegation of heirship.

Judgment affirmed.